## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

IN RE:     )
    )
TAWANA DANIELLE MARSHALL     )     Case No. 19-34080-KRH
    )     Chapter 13
       Debtor     )

## <u>MOTION TO APPROVE LOAN MODIFICATION</u>

COMES NOW, the Debtor, by counsel, and as and for Debtor's Motion to Approve Loan Modification, states as follows:

1.     The Debtor filed this case under Chapter 13 of the U.S. Bankruptcy Code on August 6, 2016.

2.     Pennymac Loan Services is a secured creditor of the Debtor which holds a promissory note from the Debtor ("Note") secured by a first deed of trust on the Debtor's real property at 6924 Amstel Ridge Court Chesterfield, VA 23838, and further described as follows (the "Property"):

> ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH ALL IMPROVEME TS THEREON AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN THE COU TY OF CHESTERFIELD, VIRGINIA., AND SHOWN AND DESIGNATED AS LOT 9, SECTION B, ON SUBDIVISION PLAT OF AMSTEL BLUFF, RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT OF CHESTERFIELD COUNTY, VIRGINIA, I PLAT BOOK 80, PAGE 26, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY.

3.     The Debtor has applied for and Pennymac Loan Services has approved a modification of the Note reducing the Debtor's monthly payment of principal, interest, and

James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

escrow on the Note from $1,635.57 to $1,531.05, decreasing the annual interest rate from 3.250% to 3.125%, decreasing the unpaid principal balance from $232,512.67 to $227,979.75, extending the maturity date from May 1, 2046 to October 1, 2050, including a Subordinate Note capitalizing arrearages of $6,836.41 with no interest or payments until the note matures October 1, 2050.  A Summary of Proposed Loan Modification is attached hereto and a copy of the Loan Modification is attached hereto as Exhibit "A" and is incorporated herein by this reference.

4.      The forgoing modification is in the best interest of the Debtor and will facilitate the Debtor's ability to perform under the Chapter 13 Plan filed herein.

WHEREFORE, the Debtor requests that the Court enter an Order approving the modification of the terms of the Note as stated herein and for such other relief as the Court may deem appropriate.

TAWANA DANIELLE MARSHALL


By: /s/ James E. Kane
                        Counsel


James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have signed up to receive such notification and by first class mail to all parties on the attached list.

/s/ James E. Kane
James E. Kane

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TAWANA DANIELLE MARSHALL | )    Case No. 19-34080-KRH |
| | )    Chapter 13 |
| Debtor | ) |

## NOTICE OF MOTION AND HEARING

The above Debtor has filed Motion to Approve Loan Modification in the above matter.

<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then, within twenty-one (21) days from the date of this Notice you or your attorney must:

- File with the court, at the address shown below, a written request for a hearing [or written response pursuant to Local Bankruptcy Rule 9013-1(H)].  If you mail your request for a hearing (or response) to the court for filing, you must mail it early enough so the court will <u>receive</u> it on or before the date stated above, to:

> Clerk of Court
> United States Bankruptcy Court
> 701 East Broad Street
> Richmond, VA  23219

You must also mail a copy to:

> James E. Kane, Esquire
> Kane & Papa, P.C.
> 1313 East Cary Street
> Richmond, Virginia 23219

- Attend a hearing scheduled for **February 24, 2021 at 12:00 PM at United States Bankruptcy Court, 701 East Broad Street, Room 5000, Richmond, VA 23219**.  <u>If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.</u>

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated: January 20, 2021

TAWANA DANIELLE MARSHALL

By: /s/ James E. Kane
Counsel

James E. Kane (VSB #30081)
KANE & PAPA, P.C.
1313 East Cary Street
Richmond, VA  23219
(804) 225-9500 (phone)
(804) 225-9598 (fax)
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have signed up to receive such notification and by first class mail to all parties on the attached list.

/s/ James E. Kane
James E. Kane

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TAWANA DANIELLE MARSHALL ) | Case No. 19-34080-KRH |
| ) | Chapter 13 |
| Debtor ) | |

**<u>Summary of Proposed Loan Modification</u>**

| | <u>Original Loan</u> | <u>Modified Loan</u> |
|---|---|---|
| Principal Amount | $248,417.00 | $227,979.75 |
| Interest Rate | 3.250% | 3.150% |
| Term or Maturity Date | May 1, 2046 | October 1, 2050 |
| Monthly Payment | $1,635.57 | $1,531.05 |

<u>X</u>  1.   The Modified loan includes future payment changes or balloon payments. The terms of any such payment changes or subordinate note are: <u>$6,836.41 or arrearages capitalized into subordinate payment due at maturity date of October 1, 2050.</u>

___  2.   The modification results in a higher monthly payment. The source of the funds used to make that payment are:  _____

_X_  3.   The modification results in a lower monthly payment. Choose one of the following:

_____ a. The amount of future plan payments will be increased.

_X_ b. The amount of future plan payments will not be increased.

EXHIBIT A

**LOAN NO.: 1-4772282**

**FHA/VA Case No.: 544-1340384**

# VIRGINIA PARTIAL CLAIM NOTE
## (Secondary Lien)

| October 15, 2020 | CHESTERFIELD | VIRGINIA |
|---|---|---|
| [Date] | [City] | [State] |

**6924 AMSTEL RIDGE COURT, CHESTERFIELD, VA 23838**
[Property Address]

**Parcel Identification No.: 773-641-685-000-000**

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Six Thousand Eight Hundred Thirty Six and 41/100ths** Dollars (U.S. **$6,836.41**), to the order of the Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

On, **October 1, 2050** or, if earlier, when the first of the following events occurs:

    (i)      Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

    (ii)     The maturity date of the primary Note has been accelerated, or

---

Virginia Partial Claim Note—Single Family—Secondary Lien

49330VA 06/19



(iii)    The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

(B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO REPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.




BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)          _____ (Seal)
TAWANA MARSHALL                     -Borrower                                                -Borrower

_____ (Seal)          _____ (Seal)
                                               -Borrower                                                -Borrower

[Sign Original Only]

Loan Originator Organization: PennyMac Loan Services, LLC, NMLSR ID: 35953
Individual Loan Originator's Name NMLSR ID: N/A

# VIRGINIA DEED OF TRUST

**LOAN NO.: 1-4772282**

**After recording please return to:**
**ServiceLink**
**Attn: Loan Modification Solutions**
**3220 El Camino Real**
**Irvine, CA 92602**

**Prepared by:**
**PennyMac Loan Services, LLC**
**James Fairall**
**6101 Condor Drive, Suite 200**
**Moorpark, CA 93021**

**Exemption Code:    308 US.21**

Borrower(s):
TAWANA MARSHALL

Lender:
**Secretary of Housing and Urban Development**

Trustee:
**Tracy Hortstkamp**

Property Address:
**6924 AMSTEL RIDGE COURT, CHESTERFIELD, VA 23838**

Parcel Identification No.: **773-641-685-000-000**

Consideration: **$6,836.41**

---

Virginia Deed of Trust -Single Family

19028VA 06/19



Parcel Identification No.: 773-641-685-000-000

After recording please return to:
**SERVICELINK**
**ATTN: LOAN MODIFICATION SOLUTIONS**
**3220 EL CAMINO REAL**
**IRVINE, CA 92602**

Prepared by:
**PENNYMAC LOAN SERVICES, LLC**
**JAMES FAIRALL**
**6101 CONDOR DRIVE, SUITE 200**
**MOORPARK, CA 93021**

———————————*[Space Above This Line For Recording Data]*———————————

**LOAN NO.: 1-4772282**

**FHA/VA Case No.: 544-1340384**

# VIRGINIA DEED OF TRUST

The following information, as further defined below, is provided in accordance with Virginia law:

This Deed of Trust is given by **TAWANA MARSHALL** as Borrower (trustor), to **TRACY HORSTKAMP**, as Trustee, for the benefit of Secretary of Housing and Urban Development, as beneficiary.

THIS DEED OF TRUST ("Security Instrument") is given on **October 15, 2020**. The Borrower is **TAWANA MARSHALL**
Whose address is **6924 AMSTEL RIDGE COURT, CHESTERFIELD, VA 23838-6198**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Trustee is **Tracy Horstkamp**. Trustee (whether one or more persons) is a Virginia resident and/or a United States- or Virginia-chartered corporation whose principal office is located in Virginia. Trustee's address is **1184 Hawling Place SW, Leesburg, VA 20175**.
Borrower owes Lender the principal sum of **Six Thousand Eight Hundred Thirty Six and 41/100ths** Dollars (U.S. **$6,836.41**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **October 1, 2050**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **CHESTERFIELD** County, Virginia:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **6924 AMSTEL RIDGE COURT, CHESTERFIELD, VA 23838**, ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

———————————————————————————————————————————————

Virginia Deed of Trust -Single Family

19028VA 06/19



BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 10410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:



**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note of this Security Instrument. The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender or Trustee shall give to Borrower, the owner of the Property, and all other persons, notice of sale as required by Applicable Law.  Trustee shall give public notice of sale by advertising, in accordance with Applicable Law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located, and by such additional or any different form of advertisement the Trustee deems advisable.  Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines.  Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with Applicable Law.  Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property with special warranty of title.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in the following order:  (a) to discharge the expenses of executing the trust, including a reasonable commission to Trustee; (b) to discharge all taxes, levies, and assessment, with costs and interest if these costs have priority over the lien of this Security Instrument, including the due pro rata thereof for the current year; (c) to discharge in the order of their priority, if any, the remaining debts and obligations secured by this Security Instrument, and any liens of record inferior to this Security Instrument under which sale is made, with lawful interest; and, (d) the residue of the proceeds shall be paid to Borrower or Borrower's assigns.  Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at the sale.**

**8. Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to release this Security Instrument and shall surrender all notes evidencing debt secured by this Security Instrument to Trustee.  Trustee shall release this Security Instrument.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. Substitute Trustee.**  Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

---



## REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Date: 10 / 30 / 2020

Borrower  - TAWANA MARSHALL

## ACKNOWLEDGMENT

State of Virginia §

County of Richmond §

The foregoing instrument was acknowledged before me on October 30, 2020 by **TAWANA MARSHALL**.



Signature of Person Taking Acknowledgment

Alfred A. Wilson
Printed Name

Paralegal
Title or Rank

Serial Number, if any: 7787477

My Commission Expires: 4/30/2020

(Seal)



**Loan Originator Organization: PennyMac Loan Services, LLC, NMLSR ID: 35953**
**Individual Loan Originator's Name NMLSR ID: N/A**



EXHIBIT A

BORROWER(S): TAWANA MARSHALL

LOAN NUMBER: 1-4772282

LEGAL DESCRIPTION:

STATE OF VIRGINIA, COUNTY OF CHESTERFIELD, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN THE COUNTY OF CHESTERFIELD, VIRGINIA., AND SHOWN AND DESIGNATED AS LOT 9, SECTION B, ON SUBDIVISION PLAT OF AMSTEL BLUFF, RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT OF CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 80, PAGE 26, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY.

Parcel Identification No.: 773-641-685-000-000

ALSO KNOWN AS: 6924 AMSTEL RIDGE COURT, CHESTERFIELD, VA 23838

---



Parcel Identification No.: 773-641-685-000-000
After recording please return to:
**ServiceLink**
[Name]
**Attn: Loan Modification Solutions**
[Attention]
**3220 El Camino Real**
[Street Address]
**Irvine, CA 92602**
[City, State  Zip Code]

**Prepared by:**
**PennyMac Loan Services, LLC**
[Company Name]
**James Fairall**
[Name of Natural Person]
**6101 Condor Drive, Suite 200**
[Street Address]
**Moorpark, CA 93021**
[City, State  Zip Code]

—————————————————*[Space Above This Line For Recording Data]*—————————————————
**Original Principal Amount $248,417.00**
**Unpaid Principal Amount $227,979.75**          **Loan No: 1-4772282**
**New Principal Amount $227,979.75**
**Total Cap Amount $0.00**

**FHA/VA Case No.: 544-1340384**

# HOME AFFORDABLE MODIFICATION AGREEMENT

### Exemption Code: 58.1-803(D)

Dated: **October 15, 2020**
Borrower ("I")[1] : **TAWANA MARSHALL**
Lender or Servicer ("Lender"): **PennyMac Loan Services, LLC**
Trustee: **BWW Law Group, LLC**
Trustee Address: **8100 Three Chopt Road, Suite 240, Richmond, VA 23229-4833**

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): **April 27, 2016**
Loan Number: **1-4772282**
Property Address *[and Legal Description if recordation is necessary]* ("Property"): **6924 AMSTEL RIDGE COURT, CHESTERFIELD, VA 23838**
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Original security instrument in the amount of **$248,417.00** and recorded on **April 28, 2016** in Book, Volume, or Liber No. **11201**, at Page **663** (or as Instrument No. **N/A**) , in the Office of the County Clerk or Register of **CHESTERFIELD** County, State of Virginia.

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents."

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

---



Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.      **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A.   I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B.   One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

   C.   There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

   D.   I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

   E.   Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

   F.   If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

   G.   I have made or will make all payments required under a trial period.

2.      **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A.   If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B.   I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.      **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **November 1, 2020** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **November 1, 2020.**

---




A.    The Maturity Date will be: **October 1, 2050**.

B.    The modified Principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan.The new principal balance of my Note will be $227,979.75 (the "New Principal Balance").  I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement.  I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C.    **$6,836.41** of the New Principal Balance will be included in the amount of a Subordinate Note ("Subordinate Note") and I will not pay interest or make monthly payments on this amount.  The New Principal Balance less the amount of the Subordinate Note shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$227,979.75**. Interest at the rate of **3.125%** will begin to accrue on the Interest Bearing Principal Balance as of **November 1, 2020** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **November 1, 2020**.  My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------------------|------------------------------------------|------------------------|-------------------|----------------------------|
| 1 - 30 | 3.125% | 10/01/2020 | $976.61 | $554.44, may adjust periodically | $1,531.05, may adjust periodically | 11/01/2020 | 360 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan.  My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D.    I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

**Virginia Home Affordable Modification Agreement** – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
**Form 3157 3/09 (rev. 10/10)** *(page 4 of 12 pages)*
**00155VA 06/19**




E.     If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F.     I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

G.     If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4.     **Additional Agreements**. I agree to the following:

A.     That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.     That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C.     To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.     **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish



to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E.    That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.    That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

---



G.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage.  Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer.  If Lender exercises this option, Lender shall give me notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage.  If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.  That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3.  A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan.  Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.  That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement.  I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature.  At Lender's option, this Agreement will be void and of no legal effect upon notice of such error.  If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

L.  Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.  In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to



take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M.   That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity.   In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N.   That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary.  If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original Note.  All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents."  I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.   That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.



Date: 10 30 2020

Borrower - **TAWANA MARSHALL**

## ACKNOWLEDGMENT

State of _Virginia_ §
County of _Richmond_ §
§

The foregoing instrument was acknowledged before me on _October 30, 2020_ by **TAWANA MARSHALL**.

_[signature]_
Signature of Person Taking Acknowledgment

_Alfred A. Wilson_
Printed Name

_Paralegal_
Title or Rank

Serial Number, if any: _#7767477_

My Commission Expires: _4/30/2022_

(Seal)

_[Notary seal: ALFRED A. WILSON, NOTARY PUBLIC, REG. # 7767477, MY COMMISSION EXPIRES 4/30/2022, COMMONWEALTH OF VIRGINIA]_

---

**Virginia Home Affordable Modification Agreement** -- Single Family -- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
Form 3157 3/09 (rev. 10/10) *(page 9 of 12 pages)*
00155VA 06/19



ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
**PennyMac Loan Services, LLC**

By: _____          _____
                                    -Lender              Date of Lender's Signature    NOV 1 1 2020

            Karen Denton
        First Vice President

---

**Virginia Home Affordable Modification Agreement** -- Single Family -- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
**Form 3157 3/09 (rev. 10/10)** *(page 10 of 12 pages)*
**00155VA 06/19**

**ACKNOWLEDGMENT**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

SEE ATTACHED

State of _____          §
                                 §
County of _____         §

        On _____ before me, _____, Notary Public personally appeared           , _____ of **PennyMac Loan Services, LLC** a corporation, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same in his/her authorized capacity on behalf of the corporation, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

        I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

        WITNESS my hand and official seal.


                                    _____
                                    Notary Public

                                    _____
                                    Printed Name

(Seal)                              My Commission Expires: _____


Virginia Home Affordable Modification Agreement – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                                    Form 3157 3/09 (rev. 10/10) (page 11 of 12 pages)
                                    00155VA 06/19



# ACKNOWLEDGMENT

> A notary public or other officer completing this
> certificate verifies only the identity of the individual
> who signed the document to which this certificate is
> attached, and not the truthfulness, accuracy, or
> validity of that document.

State of California

County of _____ Ventura _____ )

On ____ 11/11/2020 _____ before me, ____ Cynthia Hoff,  Notary Public _____

(insert name and title of the officer)

personally appeared ____ Karen Denton _____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

> CYNTHIA HOFF
> Notary Public - California
> Ventura County
> Commission # 2300538
> My Comm. Expires Sep 2, 2023

Signature _____      **(Seal)**

EXHIBIT A

BORROWER(S): TAWANA MARSHALL

LOAN NUMBER: 1-4772282

LEGAL DESCRIPTION:

STATE OF VIRGINIA, COUNTY OF CHESTERFIELD, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH ALL IMPROVEMENTS THEREON
AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN THE COUNTY OF
CHESTERFIELD, VIRGINIA., AND SHOWN AND DESIGNATED AS LOT 9, SECTION B, ON
SUBDIVISION PLAT OF AMSTEL BLUFF, RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT
OF CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 80, PAGE 26, TO WHICH PLAT
REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY.

Parcel Identification No.: 773-641-685-000-000

ALSO KNOWN AS: 6924 AMSTEL RIDGE COURT, CHESTERFIELD, VA 23838

